UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| CMC, INC., ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| V. ) | Civil Action No. 6: 04-586-DCR |
| ) | |
| CLIMAN TRANSPORTATION OF THE ) | |
| CAROLINAS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| V. ) | **AND ORDER** |
| ) | |
| LINCOLN GEN. INS. CO., ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Intervening Plaintiff CMC, Inc.'s ("CMC") motion for summary judgment. [Record No. 23] CMC argues that Climan Transportation of the Carolinas, Inc. ("Climan") is contractually obligated to pay for certain environmental restoration work performed by CMC following a wreck involving a Climan tractor-trailer on Interstate 75 near the Laurel County - Rockcastle County line. For the reasons discussed herein, the Court will deny the motion, without prejudice.

**I.   BACKGROUND**

On April 5, 2004, a serious wreck occurred on I-75, near mile marker 51, involving a car and a tractor trailer owned and operated by Climan. As a result of the wreck, diesel fuel and

sodium hydrosulfite leaked from the tractor-trailer. At the time, Climan was insured by Lincoln General Insurance Co. ("Lincoln"). It appears that Climan contracted with CMC to participate in the environmental cleanup required after the wreck. After finishing the work, CMC submitted its bill to Climan. Climan believed that Lincoln, as its insurer, was responsible for paying the bill. Lincoln, however, believes that the insurance contract does not require it to pay such costs. Thereafter, Climan filed suit in this Court, alleging that Lincoln was responsible for various costs associated with the accident. CMC intervened, demanding payment from Climan.

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002). Once the movant has satisfied this burden, the non-movant must go beyond the assertions made in the pleadings

and come forward with specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, at 324. However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact. *In re Morris*, 260 F.3d 654 (6th Cir. 2002). The nonmoving party has an affirmative obligation to direct the court's attention to those specific portions of the record upon which it seeks to rely to create genuine issues of material fact. *Id.* In determining whether there are any genuine issues of material fact, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### III.   ANALYSIS

Climan does not contest that a contract between CMC and Climan may have existed. (Climan Aff. at ¶ 14).[1] However, it maintains that: (1) CMC should have to wait for the insurance coverage issue to be decided before demanding payment and (2) the submitted costs are exorbitant and not supported by the contract or supporting documents. Lincoln, on the other hand, requests that the parties be given some time to take discovery on the issue of the costs, noting that it had previously assumed that the issue of CMC's payment would be settled after the coverage issue was decided.

---

[1]   CMC has filed a copy of the purported contract that was inadvertently omitted as an exhibit to the original motion. [Record No. 26].

Climan's assertion that that CMC is being greedy[2] for demanding payment for services rendered more than a year ago is simply misplaced. CMC signed a contract with Climan and any dispute Climan has with its insurance company does not provide a defense for failing to pay CMC. Accordingly, the failure to pay may result in interest damages and, possibly, damages resulting from the failure to timely pay.[3] Lincoln, however, seems to recognize that CMC is entitled to seek payment before resolution of the coverage issue. There is no evidence that the CMC-Climan contract was premised upon Lincoln providing insurance coverage to pay for CMC's services. Thus, CMC is not obligated to wait for Climan to resolve its dispute with Lincoln.

Regarding Climan's second argument, quibbles about CMC's bill are not sufficient to defeat summary judgment. A similar issue was raised in *Burroughs Wellcome Co. v. Comm. Union Ins. Co.*, 713 F. Supp. 694 (S.D.N.Y. 1989). The defendant, an insurance carrier, argued that the costs sought by the insured in its summary judgment motion were not reasonable. The district court noted that:

> merely contesting the precise dollar amount of the costs incurred is insufficient to defeat plaintiff's motion for summary judgment. Defendant's claim that issues of fact as to the amount and reasonableness of defense costs allegedly incurred by plaintiff preclude summary judgment is without merit. . . . The precise dollar amount of defense costs is immaterial to resolving the question of whether defendant had a duty to reimburse plaintiff for past defense costs.

---

[2] Richard Climan, president of Climan, writes "[w]e think it is unreasonable and frustrates the effort at orderly resolution of this complicated situation for CMC to take the position that its claim should be considered right this minute, and for everyone else, tough luck." (Climan Aff. at ¶ 9).

[3] In addition, Lincoln *may* ultimately bear responsibility for these costs and *may* bear additional liability for failing to pay those costs under a reservation of rights.

*Id.* at 697-98; *see also* Fed. R. Civ. P., R. 56(c). The district court granted summary judgment to the plaintiff and, pursuant to 28 U.S.C. § 636, referred the dispute as the actual amount owed to the magistrate judge.

In this case, Climan complains that certain aspects of the billing are illogical and challenges an alleged 5% surcharge included in the bill. Unfortunately, Climan's concerns were not addressed by CMC in a reply brief.[4] Thus, the Court agrees with Climan that CMC has not presented sufficient proof or justification of its bill to support entry of a judgment for the amount sought by CMC. The bare-bones contract submitted by CMC states that Climan authorizes CMC to "respond, perform clean-up as directed by the U.S. EPA, and disposal of materials." [Record No. 26] The contract provides that Climan shall pay for "time and materials." Climan does not contend that the limited nature of the contract renders it invalid. Instead, it argues that numerous issues involving the reasonableness of the charges are unclear, based upon the vagueness of the contract and lack of clarity in the invoices.

It seems very likely that Climan is liable to CMC for reasonable services, although the amount owed is unclear at this time. However, the contract attached by CMC cannot be considered in the instant motion because, when considering a summary judgment motion, the court may consider only evidence that would be admissible at trial. *Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002). While a signed contract is not subject to a valid hearsay objection, it must be authenticated when offered into evidence. *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994). CMC has

---

[4] CMC did not file a reply brief.

not attached an affidavit or any other supporting document to authenticate the contract it attached to its "motion to correct a clerical error." [Record No. 26] If the contract is later authenticated, it is likely that CMC will be entitled to summary judgment on the issue of liability, with the issue of damages to be decided at trial, pursuant to *Burroughs Wellcome* and Rule 56(c) (unless CMC provides further support for its damages claim). At this time, however, in the absence of evidence to authenticate the contract and sufficient evidence of damages, the Court must deny CMC's motion.

## IV. CONCLUSION

For the reasons discussed herein, it is **ORDERED** that CMC's motion for summary judgment [Record No. 23] is **DENIED**, without prejudice. CMC may re-file its motion if it provides further proof necessary to justify its claim.

This 2nd day of June, 2005.



Signed By:
*Danny C. Reeves* DCR
**United States District Judge**